THE PEOPLE, PLAINTIFF AND APPELLEE, v. FLORES, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Slander.

No. 880.—Decided February 8, 1916.

SLANDER—PUBLIC MEETING.—The words, "You have built a hospital for the sick and it is a hot-bed of ·prostitution," uttered from a public platform and tending to injure the honor and good reputation of a mayor, constitute the offense of slander within the meaning of sections 2 and 3 of the Act of March 9, 1911.

The facts are stated in the opinion.

*Messrs. Francisco González* and *Manuel F. Rossy* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendant, appellant, was convicted, first in the Municipal Court of San Lorenzo and later upon a trial *de novo* in

the District Court of Humacao, of slander upon a complaint charging:

"That on October 18, 1914, at 9 o'clock p. m., in the town of Juncos, P. R., of the Judicial District of the Justice of the Peace Court of Juncos, which forms a part of the Municipal Judicial District of San Lorenzo and therefore within the Judicial District of Humacao, P. R., and at the moment when a meeting of the Insular Workman party was being held on the Plaza La Autonomía, the said defendant wilfully, maliciously and criminally, and from the public stand on the said plaza, uttered slanderous words, among others, the following: 'Mayor of Juncos, you have built a hospital for the sick and it is a hotbed of prostitution,' with which utterances he intended to injure the honor and good reputation of the Mayor of Juncos and of all the inmates of the said hospital."

The district chief of police, who filed the complaint, in his testimony quotes defendant as having said: "Mayor of Juncos, I am addressing you; you have built a hospital for the sick and it is a hotbed of prostitution."

José Barreras, mayor of Juncos, testified that defendant said: "We thirst for blood and (pointing to the witness) you, mayor of Juncos, have built a hospital for the sick and it is a hotbed of prostitution."

In answer to a question by the court the mayor also explained "that he is the superintendent of the hospital, and as mayor and being a physician also he sometimes treats the wounded persons therein; that there is a physician who is manager of the hospital and is in charge of the sick persons, but as to the furnishing of food and other matters (*y demás*), the superintendent of the hospital is the mayor."

The witness Fulgencio Piñero quotes defendant as follows: "I am addressing you, mayor of Juncos, we thirst for blood; you have built a hospital for the sick and it is a hotbed of prostitution."

The defendant took the stand and testified as follows:

"That on the day to which the complaint refers he was addressing the public from the public platform and stated that the mayor of Juncos had built a plaza, a hospital, a jail and a slaughter-house and

the hospital, as said by the people, had become a center of prostitution; that he called the attention of Dr. Barreras to this as mayor, only due to what had passed between a woman of Juncos and the physician in charge of the hospital, according to an affidavit signed by four witnesses; that he did not refer to Dr. Barreras, the mayor of Juncos, as having committed any act, but that it was said in the town that V. Q. had had carnal intercourse in the hospital, because he was informed by several residents of Juncos that V. Q. had had carnal intercourse in the hospital with Dr. R. F.; that in addressing Dr. Barreras he was making reference to him but for the purpose of his ordering an investigation, he being the highest authority in the town. Cross-examined by the *fiscal*, he testified that formerly he had given notice to the mayor under section 20 of the Municipal Law but he made no investigation; that subsequently he notified him again with the same result and also he did the same from the public stand that night with the intention of satisfying the public as to this matter which was spoken of publicly. Upon re-direct examination he stated that he referred to Dr. R. F., the physician in charge of the hospital of Juncos, and that the act was committed with a woman who was a nurse in the hospital."

It is urged that the court erred first in overruling a demurrer to the complaint upon the ground that it fails to charge an offense, and, second, in convicting the defendant of slander.

We think the words uttered by defendant fall clearly within the provisions of sections 2 and 3 of the Act of March the 9th, 1911, which read as follows:

"Section 2.—Slander is also a *tale* or *report* maliciously and publicly made tending to injure the honor, reputation or worthiness of a natural person or body corporate.

"Section 3.—Any slanderous statement made publicly, whether in the presence of the injured person or in his absence, shall be presumed to be malicious and shall constitute the crime of slander."

The judgment of the trial court is amply sustained by the evidence and must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice del Toro took no part in the decision of this case.